**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JORDAN MENTER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.  3:24-cv-12786-MGM |
| vs. | ) ) | |
| VESYNC CORP., | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT VESYNC CORP.'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS-ACTION COMPLAINT**

Defendant Vesync Corporation ("Defendant" or "Levoit"), by and through its counsel, hereby answers and asserts affirmative defenses to the allegations in Plaintiff's First Amended Class-Action Complaint (ECF 6) ("Complaint").

This answer is based on present knowledge and information, and Defendant reserves the right to supplement or otherwise amend this answer, including to add affirmative defenses, as discovery proceeds and as otherwise may be appropriate during the course of litigation.

Defendant has no obligation to admit or deny the headings, subheadings, footnotes, or prefatory material used in the Complaint, including its Preamble.  To the extent any response is required, Defendant denies the allegations set forth therein. Unless expressly admitted, all allegations set forth in the Complaint are denied.

**I. INTRODUCTION**

1.    Defendant denies the allegations in Paragraph 1 and expressly denies the allegation that it has made false or misleading representations about the products sold under its Levoit brand that Plaintiff has listed (*i.e.*, the "Levoit-branded EverestAir Smart True HEPA air purifier," the

"Levoit-branded 'Core 300' line of air purifiers—the Levoit Core 300, Core 300-RAC, Core 300S, and Core P350 True HEPA air purifiers," and "the respective replacement filters for each one of these models") ("Products").

2.      Certain of the allegations in Paragraph 2 are legal conclusions to which no response is required.  Further answering, Defendant states that the representations it has made about the Products speak for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, Defendant denies the allegations in Paragraph 2.

3.      Defendant lacks information sufficient to admit or deny the allegations related to customer demand and/or "concern[s]" and the alleged sales of the air purifier industry, and therefore denies these allegations.  Defendant admits that it sells air purifier products, but denies the allegations otherwise in Paragraph 3.

4.      Defendant admits that it sold its Products.  Further answering, Defendant states that the Products' packaging speaks for itself and denies any characterization or interpretation inconsistent therewith.  Except as so stated, Defendant denies the allegations in Paragraph 4.

5.      Defendant admits that it sold its Products.  Further answering, Defendant states that the Products' packaging speaks for itself and denies any characterization or interpretation inconsistent therewith.   To the extent Paragraph 5 refers to National Advertising Division proceedings, those proceedings speak for themselves and Defendant denies any characterization or interpretation inconsistent therewith. Except as so stated, Defendant denies the allegations of Paragraph 5.

6.      The allegations in Paragraph 6 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 6

and expressly denies the allegation that it made any misrepresentation concerning the Products or that a price premium related to HEPA representations exists.

7.      Defendant admits that Plaintiff has filed a putative class action complaint and seek to represent a putative class, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, and denies that it is suitable for class treatment. Except as so stated, Defendant denies the allegations in Paragraph 7.

## II. PARTIES

8.      Defendant lacks information sufficient to admit or deny the allegations related to Plaintiff Menter's state citizenship or residence, and therefore denies same.

9.      Defendant lacks information sufficient to admit or deny the allegations related to Plaintiff Menter's medical conditions and reason for her alleged purchase, and therefore denies same.

10.     Defendant lacks information sufficient to admit or deny the details of Plaintiff Menter's alleged purchase and what she allegedly saw, reviewed, and relied upon prior to and following her alleged purchase, and therefore denies same.

11.     Defendant lacks information sufficient to admit or deny what Plaintiff Menter relied upon or believed, and therefore denies same. Further answering, Defendant lacks information sufficient to admit or deny what Plaintiff Menter would have paid or purchased under hypothetical situations, and therefore denies same.

12.     Defendant admits that it is a California corporation headquartered in Tustin, California.

## III. JURISDICTION

13.     The allegations in Paragraph 13 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 13.

14.     The allegations in Paragraph 14 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 15.

## IV. FACTUAL ALLEGATIONS

### A.  The air-purifier market has ballooned as consumers become increasingly concerned over airborne pollutants.[1]

16.     Defendant states that any statements made by the Environmental Protection Agency ("EPA") speak for themselves and denies any characterization or interpretation inconsistent therewith. Defendant lacks information sufficient to admit or deny the remaining allegations in Paragraph 16, and therefore denies same.

17.     Defendant states that any statements made by the World Health Organization and/or EPA speak for themselves and denies any characterization or interpretation inconsistent therewith. Defendant lacks information sufficient to admit or deny the remaining allegations in Paragraph 17, and therefore denies same.

18.     Defendant states that the survey referenced in Paragraph 18 speaks for itself and denies any characterization or interpretation inconsistent therewith.  Except as so stated, Defendant lacks information sufficient to admit or deny the allegations in Paragraph 18 and therefore denies same.

19.     Defendant states that the source cited in Paragraph 19 speaks for itself and denies any characterization or interpretation inconsistent therewith.  Except as so stated, Defendant lacks

---

[1] The headings and/or sub-headings herein are reproduced from the First Amended Class-Action Complaint (ECF 6) for consistency and tracking purposes only; to the extent that a response is required, Defendant denies any factual allegation in any heading or sub-heading.

information sufficient to admit or deny the allegations in Paragraph 19, including all footnotes, and therefore denies same.

**B. HEPA purifiers represent the gold standard in air filtration, and HEPA claims allow manufacturers to charge a premium for their purifiers.**

20.    Defendant admits that air purifiers come in various forms.  Further answering, Defendant admits that HEPA is an acronym for "High Efficiency Particulate Air."  Defendant states that the source cited in Paragraph 20 speaks for itself and denies any characterization or interpretation inconsistent therewith.  Except as so stated, Defendant lacks information sufficient to admit or deny the allegations in Paragraph 20, including all footnotes, and therefore denies same.

21.    Defendant admits that a HEPA filter is a type of pleated mechanical filter.  Further answering, Defendant states that it lacks information sufficient to admit or deny the "typical[]" construction of HEPA filters in the market, and therefore denies the allegations in Paragraph 21 relating to same. Except as so stated, Defendant denies the allegations in Paragraph 21.

22.    Defendant states that it lacks information sufficient to admit or deny how manufacturers often define HEPA or why manufacturers define HEPA in a certain way, and therefore denies the allegations in Paragraph 22 relating to same.  Except as so stated, Defendant denies the allegations in Paragraph 22.

23.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 23 concerning the SARS-CoV-2 virus.  Further answering, Defendant states that any statement by the Centers for Disease Control and Prevention ("CDC") in Paragraph 23 speaks for itself and denies any characterization or interpretation inconsistent therewith.  Except as so stated, Defendant denies the allegations in Paragraph 23, including all footnotes.

24.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 24 relating to what consumers are willing to pay more for, and therefore denies same.  Further

answering, Defendant states that price and quality variance between various types of filters speaks for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, Defendant denies the allegations in Paragraph 24.

25.    Defendant states that any actions taken by regulators speak for themselves and denies any characterization or interpretation inconsistent therewith. Further answering, Defendant admits that it appreciates the importance of truthfully representing compliance with HEPA standards. Except as so stated, Defendant denies the allegations in Paragraph 25, including all footnotes.

26.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 26, and therefore denies same. Defendant expressly denies the allegations in Paragraph 26 regarding Defendant's actions related to the National Advertising Division. Except as to stated, Defendant denies the allegations in Paragraph 26.

**C. Defendant claims that its purifiers meet the HEPA standard.**

27.    Defendant admits that Plaintiff Menter's allegations relate to the air purifiers and replacement filters described in Paragraph 27. Except as so stated, Defendant denies the allegations in Paragraph 27.

28.    Defendant admits that the Core 300 series purifiers and the EverestAir purifiers use different filter types. Except as so stated, Defendant denies the allegations in Paragraph 28.

29.    Defendant states that its representations related to the Products speak for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, Defendant denies the allegations in Paragraph 29, including all subparts.

30.    Defendant states that its representations related to the Products speak for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, Defendant denies the allegations in Paragraph 30, including all subparts.

31.     Defendant states that any representations related to the Products speak for themselves and denies any characterization or interpretation inconsistent therewith.  Further answering, Defendant lacks information sufficient to admit whether consumers "would encounter" the image included in Paragraph 31 before purchasing a Core 300 purifier, and therefore denies same.  Except as so stated, Defendant denies the allegations in Paragraph 31.

32.     Defendant states that any representations related to the Products speak for themselves and denies any characterization or interpretation inconsistent therewith. Further answering, Defendant lacks information sufficient to admit whether consumers interested in the Products "would encounter" the image included in Paragraph 32 when visiting Defendant's website, and therefore denies same. Except as so stated, Defendant denies the allegations in Paragraph 32.

33.     Defendant states that the packaging of the Products speak for themselves and denies any characterization or interpretation inconsistent therewith.  Except as so stated, Defendant denies the allegations in Paragraph 33.

34.     Defendant states that the packaging of the Products speak for themselves and denies any characterization or interpretation inconsistent therewith.  Except as so stated, Defendant denies the allegations in Paragraph 34.

35.     Defendant states the the first  image referenced in Paragraph 35 is not a product sold by Defendant, and therefore denies same.  Further answering, Defendant states that the packaging of the Products speak for themselves and denies any characterization or interpretation inconsistent therewith.  Except as so stated, Defendant denies the allegations in Paragraph 35.

**D.  Defendant's air purifiers fail to meet the HEPA standards.**

36.     Defendant denies the allegations in Paragraph 36.

37.     Defendant states that Dyson's allegations speak for themselves and denies any characterization or interpretation inconsistent therewith. Defendant further states that any statements and/or decisions from the National Advertising Division speak for themselves and denies any characterization or interpretation inconsistent therewith.  Except as so stated, Defendant denies the allegations in Paragraph 37.

38.     Defendant states that Dyson's allegations speak for themselves and denies any characterization or interpretation inconsistent therewith.  Except as so stated, Defendant denies the allegations in Paragraph 38.

39.     Defendant states that any statements and/or decisions from the National Advertising Division, and any materials submitted by Dyson in connection Case #7222 speak for themselves and denies any characterization or interpretation inconsistent therewith.  Except as so stated, Defendant denies the allegations in Paragraph 39.

40.     Defendant states that its statement in Paragraph 40 speaks for itself and denies any characterization or interpretation inconsistent therewith.  Further answering, Defendant admits that it has from time to time made changes to its website and descriptions of its Products. Except as so stated, Defendant denies the allegations in Paragraph 40.

41.     Defendant lacks information sufficient to admit or deny the allegation in Paragraph 41 that relates to "independent" testing commissioned by Plaintiff's counsel, and therefore denies same.  Except as so stated, Defendant denies the allegations in Paragraph 41.

42.     Defendant lacks information sufficient to admit or deny the allegations in Paragraph 42, and therefore denies same.  Except as so stated, Defendant denies the allegations in Paragraph 42.

43. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 43, and therefore denies same. Except as so stated, Defendant denies the allegations in Paragraph 43, including any connotation that its Core Series filters "are not HEPA-grade."

44. Defendant admits that there are differing testing methodologies and naming conventions for testing air filters, including as it relates to HEPA filters. Defendant states that the European ("EN") and American ("IEST") testing protocols speak for themselves, and denies any characterization or interpretation inconsistent therewith. Further answering, Defendant lacks information sufficient to admit or deny the allegations in Paragraph 44 relating to the testing protocols utilized in the tests allegedly completed and commissioned by Plaintiff's counsel, and therefore denies same. Except as so stated, Defendant denies the allegations in Paragraph 44.

45. Defendant states that the EN1822 standard speaks for itself and denies any characterization or interpretation inconsistent therewith. Except as so stated, Defendant denies the allegations in Paragraph 45.

46. Defendant states that the definition of the IEST protocol speaks for itself and denies any characterization or interpretation inconsistent therewith. Except as so stated, Defendant denies the allegations in Paragraph 46.

47. Defendant lacks information sufficient to admit or deny any allegations in Paragraph 47 relating to any purported testing commissioned by Plaintiff's Counsel, and therefore denies same. Except as so stated, Defendant denies the allegations in Paragraph 47.

48. Defendant lacks information sufficient to admit or deny any allegations in Paragraph 48 relating to any purported testing commissioned by Plaintiff's Counsel, and therefore denies same. Except as so stated, Defendant denies the allegations in Paragraph 48.

49.    Defendant lacks information sufficient to admit or deny any allegations relating to any purported testing commissioned by Plaintiff's Counsel, and therefore denies same. Except as so stated, Defendant denies the allegations in Paragraph 49.

50.    Defendant states that its statement described in Paragraph 50 speaks for itself and denies any characterization or interpretation inconsistent therewith. Except as so stated, Defendant denies the allegations in Paragraph 50.

51.    Defendant lacks information sufficient to admit or deny any allegations relating to Plaintiff's knowledge and/or beliefs, and therefore denies same. Except as so stated, Defendant denies the allegations in Paragraph 51.

52.    Defendant denies the allegations in Paragraph 52.

53.    Defendant states that its representations related to the Products speak for themselves and denies any characterization or interpretation inconsistent therewith. Except as so stated, Defendant denies the allegations in Paragraph 53.

**E. But for Defendant's HEPA misrepresentations, Plaintiff and the proposed class would have paid less for their Levoit air purifiers.**

54.    Defendant denies the allegations in Paragraph 54.

55.    Defendant states that its representations related to the Products speak for themselves and denies any characterization or interpretation inconsistent therewith. Further answering, Defendant lacks information sufficient to admit or deny what all purchasers of the Products saw, and therefore denies same. Except as so stated, Defendant denies the allegations in Paragraph 55.

56.    Defendant lacks information sufficient to admit or deny what consumers know and what they assume about the Defendant, and therefore denies same. Further answering, Defendant lacks information sufficient to admit or deny what consumers typically do before purchasing an

air purifier, and therefore denies same.  Except as so stated, Defendant denies the allegations in Paragraph 56.

57.    Defendant denies the allegations in Paragraph 57.

58.    Defendant lacks information sufficient to admit or deny if or when Plaintiff Menter purchased Levoit product or how much she paid.  Except as so stated, Defendant denies the allegations in Paragraph 58.

59.    Defendant denies the allegations in Paragraph 59.

## V. CLASS ALLEGATIONS

60.    Defendant admits that Plaintiff seeks to represent a putative class in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, and denies that it is suitable for class treatment.  Except as so stated, Defendant denies the allegations in Paragraph 60.

61.    Defendant admits that Plaintiff seeks to represent a putative class in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, and denies that it is suitable for class treatment.  Except as so stated, Defendant denies the allegations in Paragraph 61.

62.    The allegations in Paragraph 62 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 62.

63.    The allegations in Paragraph 63 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 63.

64.    The allegations in Paragraph 64 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 64.

65.    The allegations in Paragraph 65 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 65.

66.     The allegations in Paragraph 66 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 66.

67.     The allegations in Paragraph 67 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 67.

## VI. COUNTS

### COUNT I

**Violations of the Massachusetts Consumer Protection Act, MASS. GEN. LAWS ANN. ch. 93A**
**(on behalf of the class)**

68.     Defendant restates its previous responses to the preceding paragraphs of the First Amended Class-Action Complaint as if fully set forth herein.

69.     Defendant admits that Plaintiff seeks to represent a putative class in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, and denies that it is suitable for class treatment. Except as so stated, Defendant denies the allegations in Paragraph 69.

70.     Defendant states that the Massachusetts Consumer Protection Act speaks for itself and denies any characterization or interpretation inconsistent therewith.  Except as so stated, Defendant denies the allegations in Paragraph 70.

71.     Defendant denies the allegations in Paragraph 71.

72.     Defendant denies the allegations in Paragraph 72.

73.     Defendant lacks information sufficient to admit or deny the allegations related to customer interests.  Except as so stated, Defendant denies the allegations in Paragraph 73.

74.     Defendant lacks information sufficient to admit or deny the allegations related to what purported customers "viewed."  Except as so stated, Defendant denies the allegations in Paragraph 74.

75.    Defendant expressly denies making any false representation related to the Products, and states that it lacks information sufficient to admit or deny the allegations related to the hypothetical about Plaintiff Menter's purchase history.  Further answering, Defendant denies the allegations in Paragraph 75.

76.    Defendant admits that it has tested the Products. Defendant expressly denies making any false representation related to the Products and expressly denies Plaintiff Menter's allegations related to Dyson's challenge in Case #7222 before the National Advertising Division. Except as so stated, Defendant denies the allegations in Paragraph 76.

77.    Defendant admits that it has not submitted a written tender of settlement to Plaintiff Menter.  Except as so stated, Defendant denies the allegations in Paragraph 77.

78.    Defendant denies the allegations in Paragraph 78.

## COUNT II

### Fraud
### (on behalf of the class)

79.    Defendant restates its previous responses to the preceding paragraphs of the Complaint as if fully set forth herein.

80.    Defendant admits that Plaintiff seeks to represent a putative class in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, and denies that it is suitable for class treatment. Except as so stated, Defendant denies the allegations in Paragraph 80.

81.    Defendant denies the allegations in Paragraph 81.

82.    Defendant admits that it has tested the Products. Defendant expressly denies making any false representation related to the Products and expressly denies Plaintiff Menter's

allegations related to Dyson's challenge in Case #7222 before the National Advertising Division. Except as so stated, Defendant denies the allegations in Paragraph 82.

83.    Defendant denies the allegations in Paragraph 83.

84.    Defendant states that it lacks information sufficient to admit or deny the allegations related to what Plaintiff relied on or saw when making her alleged purchase, and what consumers beleive.  Except as so stated, Defendant denies the allegations in Paragraph 84.

85.    Defendant lacks information sufficient to admit or deny the allegations related to customer interests.  Except as so stated, Defendant denies the allegations in Paragraph 85.

86.    The allegations in Paragraph 86 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 86.

87.    Defendant denies the allegations in Paragraph 87.

## COUNT III

### Negligent Misrepresentation
### (on behalf of the class)

88.    Defendant restates its previous responses to the preceding paragraphs of the Complaint as if fully set forth herein.

89.    Defendant admits that Plaintiff seeks to represent a putative class  in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, and denies that it is suitable for class treatment. Except as so stated, Defendant denies the allegations in Paragraph 89.

90.    Defendant denies the allegations in Paragraph 90.

91.    The allegations in Paragraph 91 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 91.

92.     Defendant lacks information sufficient to admit or deny the allegations related to consumer beliefs and/or reliance.  Except as so stated, Defendant denies the allegations in Paragraph 92.

93.     The allegations in Paragraph 93 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 93.

94.     Defendant denies the allegations in Paragraph 94.

**COUNT IV**

**Unjust Enrichment**
**(on behalf of the class)**

95.     Defendant restates its previous responses to the preceding paragraphs of the Complaint as if fully set forth herein.

96.     Defendant admits that Plaintiff seeks to represent a putative class in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, and denies that it is suitable for class treatment. Except as so stated, Defendant denies the allegations in Paragraph 96.

97.     The allegations in Paragraph 97 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 97.

98.     The allegations in Paragraph 98 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 98.

99.     The allegations in Paragraph 99 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 99.

## COUNT V

### Breach of Express Warranty
### (on behalf of the class)

100.    Defendant restates its previous responses to the preceding paragraphs of the Complaint as if fully set forth herein.

101.    Defendant admits that Plaintiff seeks to represent a putative class in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, and denies that it is suitable for class treatment. Except as so stated, Defendant denies the allegations in Paragraph 101.

102.    Defendant admits that it made claims related to HEPA when selling the Products, and further states that its representations related to the Products speak for themselves and denies any characterization or interpretation inconsistent therewith.  Except as so stated, Defendant denies the allegations in Paragraph 102.

103.    Defendant denies the allegations in Paragraph 103.

104.    Defendant denies the allegations in Paragraph 104.

105.    The allegations in Paragraph 105 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 105.

106.    Defendant denies the allegations in Paragraph 106.

## VII. PRAYER FOR RELIEF

Defendant denies the allegations in the "Prayer for Relief" including all subparts, denies that this action may be maintained as a class action on behalf of the proposed class or otherwise, and denies that Plaintiff or the proposed class is entitled to any relief whatsoever.

## VIII. AFFIRMATIVE DEFENSES

Defendant sets forth its affirmative defenses below.  By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Plaintiff's allegations.

## IX. AGAINST NAMED PLAINTIFF

1.      Plaintiff's First Amended Class-Action Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred in whole or in part because Defendant did not commit any unlawful, fraudulent, unfair, misleading or deceptive act, including but not limited to, any violation of Massachusetts's Consumer Protection Act or otherwise.

3.      Plaintiff's claims are barred in whole or in part because Defendant did not make any misrepresentation.

4.      Plaintiff's claims are barred in whole or in part because Plaintiff cannot show that Defendant's representations regarding the Products are misleading to a reasonable consumer.

5.      Plaintiff's claims are barred in whole or in part because Plaintiff did not rely on the at-issue representations in making their purchasing decisions.

6.      Plaintiff's claims are barred in whole or in part because the at-issue representations were not material to her purchasing decision.

7.      Plaintiff's claims are barred in whole or in part because she suffered no cognizable injury or recoverable damages as a result of Defendant's conduct.

8.      Plaintiff lacks standing to sue Defendant.

9.      Plaintiff's claims are barred in whole or in part because no price premium exists as to the HEPA-related representations.

10.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

11.     Plaintiff is not entitled to damages or restitution because she suffered no loss of money or property or injury in fact as a result of Defendant's conduct.

12.     Plaintiff is not entitled to monetary relief because she received fair value in exchange for what she purchased.

13.     Plaintiff is not entitled to monetary relief because such an award would constitute impermissible, non-restitutionary disgorgement.

14.     Plaintiff's claims are barred in whole or in part by the fact that she would be unjustly enriched were she to recover any sum of money.

15.     Plaintiff is not entitled to damages or restitution because Plaintiff cannot prove that she suffered a cognizable injury caused by Defendant.

16.     Plaintiff's requested monetary relief is too speculative and/or remote and/or impossible to prove and/or allocate.

17.     Plaintiff's claims are barred in whole or in part by the voluntary payment doctrine.

18.     Plaintiff's claims are barred in whole or in part because she is preempted by federal law and/or barred by the doctrine of primary jurisdiction.

19.     Plaintiff's claims are barred in whole or in part because the conduct alleged in the Complaint complies with applicable laws.

20.     Plaintiff's equitable claims are barred in whole or in part because an adequate remedy at law exists.

21.     Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, and/or estoppel.

22.     Plaintiff's claims are barred in whole or in part because Defendant's actions are protected by the First Amendment of the United States Constitution and the Constitution of the State of Massachusetts, among others.

23.     Plaintiff's claims are barred in whole or in part because Defendant acted in good faith at all times.

24.     Plaintiff's claims based on alleged willful or intentional misrepresentations are barred in whole or in part because the representations and actions alleged were not intended to mislead or deceive consumers.

25.     Plaintiff's claims are barred in whole or in part because, to the extent to which Plaintiff suffered any loss, damage, or injury (which Defendant denies), Plaintiff failed to mitigate such loss, damage, or injury.

26.     An award of monetary relief, other than restitution, to Plaintiff under Massachusetts's Consumer Protection Act, including but not limited to penalties of any type, would violate the due process provisions of the Constitution of the State of Massachusetts and the Constitution of the United States of America.

27.     Plaintiff is not entitled to punitive or exemplary damages on any cause of action alleged in the Complaint. Any award of punitive or exemplary damages would violate the due process and/or equal protection clauses of the Constitution of the State of Massachusetts and the Constitution of the United States of America.

## X. SEPARATE & ADDITIONAL DEFENSES AGAINST PUTATIVE CLASS MEMBERS

Defendant maintains that class certification is inappropriate in this case. Nevertheless, were the Court to certify a class, Defendant would have defenses against any putative class members. The identity of any putative class member is unknown, and Defendant denies that a class can be ascertained or identified. Thus, Defendant asserts the follow defenses on information and belief:

1.      One or more of the putative class members' claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted.

2.      One or more of the putative class members' claims are barred in whole or in part because Defendant did not commit any unlawful, fraudulent, unfair, misleading or deceptive act, including but not limited to, any violation of Massachusetts's Consumer Protection Act or otherwise.

3.      One or more of the putative class members' claims are barred in whole or in part because Defendant did not make any misrepresentation.

4.      One or more of the putative class members' claims are barred in whole or in part because Plaintiff cannot show that the representations made by Defendant regarding the Products are misleading to a reasonable consumer.

5.      One or more putative class members' claims are barred in whole or in part because they did not rely on the alleged misrepresentations identified in the Complaint.

6.      One or more putative class members' claims are barred because the at-issue representations were not material to their purchasing decisions.

7.      One or more putative class members' claims are barred in whole or in part because no price premium exists as to the HEPA-related representations.

8.      One or more of the putative class members lack standing to sue Defendant, in whole or part.

9.      One or more of the putative class members' claims are barred in whole or in part by the applicable statute of limitations.

10.     One or more of the putative class members' claims fail because they suffered no cognizable injury as a result of Defendant's conduct.

11.     One or more of the putative class members are not entitled to damages or restitution because they suffered no loss of money or property as a result of Defendant's conduct.

12.     One or more of the putative class members are not entitled to damages or restitution because Plaintiff cannot prove that they suffered an injury in fact caused by Defendant.

13.     One or more of the putative class members are not entitled to monetary relief because they received fair value in exchange for what they purchased.

14.     One or more of the putative class members are not entitled to monetary relief because such an award would constitute impermissible, nonrestitutionary disgorgement.

15.     One or more of the putative class members' claims are barred in whole or in part by the fact that they would be unjustly enriched were they to recover any sum of money.

16.     One or more of the putative class members' claims are barred in whole or in part because Plaintiff's requested monetary relief is too speculative and/or remote and/or impossible to prove and/or allocate.

17.     One or more of the putative class members' claims are barred in whole or in part by the voluntary payment doctrine.

18.     One or more of the putative class members' claims are barred in whole or in part because they lack privity with Defendant.

19.     One or more of the putative class members' claims are barred in whole or in part because they are preempted by federal law and/or barred by the doctrine of primary jurisdiction.

20.     One or more of the putative class members' claims are barred because the conduct alleged in the Complaint complies with applicable laws.

21.     One or more of the putative class members' claims are barred in whole or in part because they settled or otherwise released their claims.

22.     One or more of the putative class members are bound to arbitrate, on an individual basis, their dispute with Defendant pursuant to the terms of an arbitration agreement.

23.     One or more of the putative class members' equitable claims are barred in whole or in part because an adequate remedy at law exists.

24.     One or more of the putative class members' claims are barred in whole or in part by the doctrines of laches, waiver, and/or estoppel.

25.     One or more of the putative class members' claims are barred in whole or in part because Defendant's actions are protected by the First Amendment of the United States Constitution and the Constitution of the State of Massachusetts, among others.

26.     One or more of the putative class members' claims are barred in whole or in part because Defendant acted in good faith at all times.

27.     One or more of the putative class members' claims based on alleged willful or intentional misrepresentations are barred in whole or in part because the representations and actions alleged were not intended to mislead or deceive consumers.

28.     One or more of the putative class members' claims are barred in whole or in part because, to the extent to which Plaintiff suffered any loss, damage, or injury (which Defendant denies), Plaintiff failed to mitigate such loss, damage, or injury.

29.     One or more of the putative class members' claims are barred in whole or in part because the alleged deceptive statements were such that no reasonable person could have reasonably relied upon or misunderstood Defendant's statements as claims of fact in the manner alleged by Plaintiff.

30.     An award of monetary relief, other than restitution, to putative class members under Massachusetts's Consumer Protection Act, including but not limited to penalties of any type, would violate the due process provisions of the Constitution of the State of Massachuetts and the Constitution of the United States of America.

31.     One or more of the putative class members are not entitled to punitive or exemplary damages on any cause of action alleged in the Complaint.  Any award of punitive or exemplary damages would violate the due process and/or equal protection clauses of the Constitution of the State of Massachuetts and the Constitution of the United States of America.

32.     One or more of the putative class members are not similarly situated to Plaintiff.

33.     The proposed class does not meet the requirements of Fed. R. Civ. P. 23.

34.     The proposed class does not meet the numerosity requirement of Rule 23.

35.     Plaintiff's claims are not typical of the claims of the putative class.

36.     Plaintiff's proposed class definition is overbroad.

37.     Plaintiff will not fairly and adequately protect the interests of the putative class.

38.     Plaintiff's Complaint fails to identify an ascertainable and identifiable class.

39.     Plaintiff's Complaint fails to identify a manageable class.

40.     Plaintiff's Complaint fails to present common questions that predominate over individualized questions.

41.     A class action is not a superior mechanism to resolve any disputes in this case.

42.     There is no basis for resolution of this action under Fed. R. Civ. P. 23(c) and any such resolution would violate the Seventh Amendment of the U.S. Constitution.

43.     Plaintiff's Complaint fails to raise common questions capable of generating common answers that will drive the resolution of the case.

## XI. ADDITIONAL DEFENSES & RESERVATION OF RIGHTS

Defendant reserves the right to assert such additional defenses as may become apparent during the course of discovery in this action.

## XII. DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury of the claims and defenses in this action.

Dated:  October 6, 2025                    Respectfully submitted,

**VESYNC CORPORATION**

By Its Attorneys,

*/s/ Doreen M. Rachal*
Doreen M. Rachal (BBO # 667837)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: (617) 223-0300
Facsimile: (617) 223-0301
drachal@sidley.com

Sarah Carlson (*admitted pro hac vice*)
SIDLEY AUSTIN LLP
12230 El Camino Real Suite 300
San Diego, CA 92130
Telephone: (858) 398-0150
Facsimile: (858) 398-0450
sarah.carlson@sidley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2025, I electronically filed the foregoing using the Court's CM/ECF system, which will send notification of this filing to all registered participants and paper copies will be send to those indicated as non-registered participants.

*/s/ Doreen M. Rachal*
Doreen M. Rachal